# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERT BISCAINO, INDIVIDUALLY**
**AND ON BEHALF OF OTHER PERSONS**
**SIMILARLY SITUATED,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-894-Orl-28DAB**

**ARS ACQUISITION HOLDINGS, LLC,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 20)**
>
> **FILED:** **September 9, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

Following the filing of a Notice of Settlement in this Fair Labor Standards Act ("FLSA") case, the Court issued an Order directing the parties to file settlement documents sufficient to perform a fairness review, including evidence with respect to the reasonableness of any attorney's fee (Doc. Nos. 18, 19). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The instant motion followed. As it appears that Plaintiff will be compensated in full with respect to the

FLSA claim, the Court **recommends** that the motion be granted, in part, and the case be dismissed with prejudice.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the Joint Motion, Mr. Biscaino was employed by Defendant from April 2010 to March 2011 (a period of approximately 44 weeks) as an Air Conditioning Technician, paid on a commission basis. Plaintiff asserts that he routinely worked through lunch, but the Defendant automatically deducted a thirty minute lunch break from his hours. Plaintiff calculated his total possible damage as $1,100.00, with an equal amount due in liquidated damages. As the motion puts it:

> Although Defendant denies that any sums are owed to Plaintiff, Defendant has agreed to compensate Plaintiff in the amount of $2,500.00, which fully compensates Plaintiff for his overtime damages claimed, as well as an equal amount of liquidated damages, along with an additional $300.00. As a result, Plaintiff is receiving more than 100% of the overtime and liquidated damages he is seeking in this case.

(Doc. No. 20).

In addition, Defendant has agreed to pay Plaintiff's counsel $4,831.20, which includes $4,416.20 in attorneys' fees and $415.00 in costs. Counsel calculates the fee based on a rate of $350 an hour for Gregg Shavitz, Esq., and $250 an hour for Camar R. Jones, Esq., plus costs.

As the parties agree that Plaintiff has obtained more than full relief under this agreement, there is no "compromise" to review. Full recompense is *per se* fair and reasonable. As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc*., – F.3d –, 2011 WL 3189770, 6 (11th Cir. 2011) (emphasis added – affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot). As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case). Here, the parties acknowledge that the amount to be paid by Defendant is reasonable and "the award of attorneys' fees and costs did not compromise Plaintiff's recovery." Thus, Plaintiff will receive *more* than full compensation on his claim plus a particularly generous (in the Court's view) fee to the Plaintiff's attorneys in full satisfaction of the attorney's fees associated with the claim. As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it. The Court finds the settlement to be *per se* reasonable, and further analysis is not necessary.

In so finding, however, the Court pauses to make clear that it is *NOT* finding that a $350 rate is "fair and reasonable" for Plaintiff's counsel's services here. In fact, the Court notes that such a fee is well in excess of what is commonly found to be reasonable for this type of work in this district.[1] Rather, the Court finds that – as Plaintiff will be more than fully compensated and the parties represent that his recovery will not be compromised by payment of attorney's fees to counsel – the Court has no basis to pass on the reasonableness of the agreed-to fees. With that clarification, the Court finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute, and it is **respectfully recommended** that the motion be **granted**, the settlement be approved (with the

---

[1] The Court recognizes that counsel has been awarded such generous fees in his home district of South Florida. The Court is unpersuaded by the cases in the Southern District, as the rate is determined by what the Orlando market will bear.

clarification that the Court is not approving or disapproving the hourly rates), and the Complaint be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 13, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy